IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01836-OES

PEOPLE OF THE STATE OF COLORADO,

    Plaintiff,

v.

DERRAL SCHRODER, a Constitutionalist and Crime Stopper,

    Defendant.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 7 - 2005

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION TO RECUSE

---

Plaintiff Derral Schroder filed *pro se* two documents titled "Removal of Cause" and "Affidavit for Leave to Proceed Without Cost of Fees." On September 22, 2005, I entered an order directing the clerk of the Court to commence a civil action and directing Mr. Schroder to cure certain enumerated deficiencies. Specifically, Mr. Schroder was directed within thirty days to file on the proper, Court-approved form a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and to file a complaint.

On September 28, 2005, Mr. Schroder filed a document titled "Verified Complant [sic] in Law" and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On October 4, 2005, I granted Mr. Schroder leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On October 3, 2005, Mr. Schroder filed a document titled "Demand for Magistrate O. Edward Schlatter to Disqualfie [sic] himself and that Judge Kane take both cases, Removal of Cause and Case 5-CV-01836." Mr.

Schroder seeks my recusal because he alleges that in 1991 I sentenced him to three and one-half years in the Colorado Department of Corrections in Baca County District Court Case No. 90-CR-11. He further alleges that the sentence was vacated by the Colorado Court of Appeals and that he was resentenced to unsupervised probation by the Colorado Supreme Court. The motion for my recusal will be denied for the reasons stated below.

Mr. Schroder fails to assert an appropriate legal basis for his request that I be recused. Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge, before whom the matter is pending, to recuse himself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Disqualification of judges is regulated by 28 U.S.C. § 455(a). Section 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the appearance of partiality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Under § 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). The decision to recuse is committed to the sound discretion of the district court. *See Burger*, 964 F.2d at 1070.

The provisions of 28 U.S.C. § 455 do not command automatic disqualification of a judge; to the contrary, it is the duty of the judge who allegedly is biased to pass on the sufficiency of the allegations. *See David v. City & County of Denver*, 847 F. Supp. 1094, 1095 (D. Colo. 1993). A judge has an affirmative duty not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095. There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to recuse when there is occasion to do so. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman*, 831 F.2d at 939. But, if the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal. *See Nichols*, 71 F.3d at 352.

Under 28 U.S.C. § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a

3

reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993; *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir. 1979). The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Cooley*, 1 F.3d at 993. Application of 28 U.S.C. § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned. Recusal must not be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986). Section 455(a) should not be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a "reasonable" fear that the judge will not be impartial. *See Cooley*, 1 F.3d at 993. The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky*, 510 U.S. at 555. "They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.*

Mr. Schroder apparently simply disagrees with my prior rulings in his state criminal case. Such an allegation is vague and conclusory and does not satisfy the

4

objective standard for disqualification required pursuant to 28 U.S.C. § 455(a).  Nor

does such an allegation meet the substantial burden for disqualification under 28

U.S.C. § 144.  Therefore, Mr. Schroder's request that I recuse myself will be denied.

Accordingly, it is

ORDERED that the motion for my recusal is denied.

DATED at Denver, Colorado, this _7_ day of ____October____, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01836-OES

Derral Schroder
c/o 7542 Hwy 287
Campo, CO 81029

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on____ 10-7-05

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk