F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 8 - 2005

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01836-OES
(Removal from Baca County County Court,
Springfield, Colorado, Case No. 04-T-115)

PEOPLE OF THE STATE OF COLORADO,

v.

DERRAL SCHRODER, a Constitutionalist and Crime Stopper,

    Defendant.

---

Civil Action No. 05-cv-01836-OES

DERRAL SCHRODER, a Constitutionalist and Crime Stopper,

v.

MICHAEL PORTER,
LARRY C. PORTER, and
JAMES HOWARD FRASHER,

    Defendants.

---

ORDER FOR SUMMARY REMAND AND FOR DISMISSAL

---

Defendant Derral Schroder has submitted to the Court *pro se* a notice of removal and a verified complaint. Mr. Schroder has removed Case No. 04-T-115, a state criminal case, to this Court from the Baca County County Court in Springfield, Colorado. For the reasons stated below, the Court summarily will remand Case No. 04-T-115 to the state court. **See** 28 U.S.C. § 1446(c)(4) (1994).

Pursuant to 28 U.S.C. § 1446(a) (1994), a defendant desiring to remove a civil action or criminal prosecution from a state court must file a notice of removal that

contains a short and plain statement of the grounds for removal together with a copy of all process, pleadings, and orders served upon the defendant in the state court. Mr. Schroder has failed to comply with § 1446(a). He has not provided a short and plain statement of the grounds for removal and he has failed to provide copies of the state court process, pleadings, and orders. Even construing liberally the notice of removal, which he has titled "Removal of Cause," the Court is unable to ascertain any legitimate basis for removal of Mr. Schroder's state court case. Therefore, only document number three in the instant action, which embodies Case No. 04-T-115, will be remanded summarily to the Baca County County Court.

The Court next will address the verified complaint filed by Mr. Schroder. In the verified complaint, Mr. Schroder is suing Defendants Michael Porter, a Baca County judge who presided over his state case; Larry C. Porter, the assistant district attorney who prosecuted the state case; and James Howard Frasher, the Baca County judge assigned to his case after other judges recused themselves. He complains that Judge Porter failed to disqualify himself in a timely manner from his state case and that District Attorney Porter and Judge Frasher failed to disqualify themselves from his state case. He apparently asserts jurisdiction pursuant to 42 U.S.C. § 1983 (2003) because he alleges that his civil rights have been violated. He seeks money damages as relief.

Mr. Schroder has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2005). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a

legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the verified complaint will be dismissed pursuant to § 1915(e)(2)(B) as legally frivolous and because it seeks monetary relief against Defendants immune from such relief.

Mr. Schroder is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to 28 U.S.C. § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Schroder's verified complaint liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Defendants Judge Porter and Judge Frasher are state court judges. A judge is absolutely immune from liability in civil rights suits for money damages for actions taken in his or her judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).

3

Absolute judicial immunity extends to officials who "perform functions closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985). To the extent Judges Porter and Frasher were acting in their judicial capacity in prosecuting Mr. Schroder, they are immune from suit. They will be dismissed as parties to this action.

Mr. Schroder also may not sue Mr. Porter, the assistant district attorney who prosecuted him because he is immune from suits for damages. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt*, 17 F.3d at 1267. Mr. Porter apparently is being sued for prosecutorial acts taken during the course of his role as an advocate for the State. Therefore, he is entitled to absolute immunity, and the claims against him must be dismissed. Accordingly, it is

ORDERED that only document number three in the instant action, which embodies Case No. 04-T-115, is remanded summarily to the Baca County County Court. It is

FURTHER ORDERED that the clerk of this Court shall mail a certified copy of this order to the clerk of the Baca County County Court. It is

FURTHER ORDERED that the verified complaint and the 42 U.S.C. § 1983 action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and because they seek monetary relief against Defendants immune from such relief. It is

FURTHER ORDERED that the request for leave to proceed without cost or fees

filed on November 2, 2005, is denied as unnecessary.  It is

FURTHER ORDERED that judgment is entered in favor of Defendants and against Plaintiff.

DATED at Denver, Colorado, this _6_ day of _December_ , 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 05-cv-01836-OES

Derral Schroder
c/o 7542 Hwy 287
Campo, CO 81029

Baca County Court - Certified
741 Main St.
Springfield, CO 81073

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on___17·8·05___

GREGORY C. LANGHAM, CLERK

By:_____

Deputy Clerk